UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIP TRUCK CENTER, LLC,

    Plaintiff,

v.

VOLVO TRUCKS NORTH AMERICA,

    Defendant.
_____/

Case No. 15-cv-12381
Hon. Matthew F. Leitman

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE (ECF #5)**

In this action, Plaintiff VIP Truck Center, LLC ("VIP") alleges that Defendant Volvo Trucks North America, a division of Volvo Group North America, LLC ("Volvo"), breached and wrongfully terminated a dealer sales and service agreement between the parties (the "Dealer Agreement"). VIP asserts five claims in its Verified Complaint, including a claim for breach of contract and a claim captioned "Tortious Interference with Present and Future Business." (*See* Compl., ECF #1 at Counts IV-V, Pg. ID 17, 19.)

Volvo has now moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the tortious interference claim (the "Motion"). (*See* ECF #5.) For the reasons stated in this Order, the Court **GRANTS** the Motion and **DISMISSES** VIP's tortious interference claim.

1

## **VIP'S ALLEGATIONS**

In the General Allegations section of VIP's Complaint, VIP alleges that Volvo breached its obligations to VIP under the Dealer Agreement and otherwise acted wrongfully toward VIP in the following ways:

- Volvo failed to supply VIP with a sufficient quantity of Volvo trucks that were suitable to Michigan's climate and road conditions. (*See* Compl., ECF #1 at ¶12, Pg. ID 4.)

- Volvo wrongfully accused VIP of deficient sales performance. (*See id.* at ¶ 13, Pg. ID 4-5.)

- Volvo refused to permit VIP to open a Mack Trucks, Inc. franchise. (*See id.* at ¶¶ 14-16, Pg. ID 5-6.)

- Volvo threatened to terminate VIP's franchise without good cause. (*See id.* at ¶21, Pg. ID 8.)

- Volvo arbitrarily and capriciously applied its internal policies to VIP in an attempt to force VIP out of business. (*See id.* at ¶¶ 22-23, Pg. ID 8-9.)

- Volvo wrongfully sent VIP a notice of termination for the Dealer Agreement. (*See id.* at ¶ 27, Pg. ID 10.)

VIP's tortious interference claim (*see id.* at Count V, ¶¶ 56-60, Pg. ID 19-20), in its entirety, provides as follows:

56. VIP repeats the foregoing allegations of this Verified Complaint against Volvo as if incorporated fully herein.

57. Volvo's wrongful acts have tortuously [sic] interfered with the present and prospective economic advantage of VIP in operating a thriving Volvo Truck dealership and with VIP's relationships with employees, customers, suppliers, and others.

   This tortious interference has caused, and will continue to cause, VIP ongoing material harm if not enjoined.

58. Volvo has engaged in immoral, illegal and unethical bad faith conduct throughout the course of its relationship with VIP.

59. Volvo has refused to objectively evaluate the market area/AOR given the available product supplied to Volvo [sic] and the limitations of this market and customer demand.

60. Volvo has adopted an arbitrary, capricious, and inequitable system for measuring sales performance penetration by VIP in a bad faith attempt to pretextually and constructively terminate the franchise and deprive VIP of the value of its franchise.

## **GOVERNING LEGAL STANDARD**

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they

must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ANALYSIS

"In Michigan, the elements of tortious interference with a business relationship are: 1) the existence of a valid business relationship or expectancy; 2) knowledge of the relationship or expectancy on the part of the defendant; 3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy; and 4) resultant damage to the plaintiff." *Bhan v. Battle Creek Health Sys.*, 579 Fed. App'x 438, 443 (6th Cir. 2014) (citing *Cedroni Assocs., Inc. v. Tomblinson, Harburn Assocs., Architects & Planners, Inc.,* 821 N.W.2d 1, 3 (Mich. 2012)).

VIP's tortious interference claim fails because VIP has not sufficiently alleged that Volvo's conduct induced or caused the termination of any of its (VIP's) business relationships or expectancies. Specifically, VIP's Complaint does not contain any factual allegations that, if proven, would establish that any person or entity declined to do business with VIP and/or terminated a relationship with VIP because of any act or omission by Volvo. Indeed, while VIP alleges in the

4

most general sense that Volvo has interfered with VIP's relationships and/or expectancies with its "employees" and "customers," nowhere does VIP allege *facts* showing that Volvo's conduct actually interfered with the relationship between VIP and these individuals. Simply put, VIP's allegations amount to bare legal conclusions that are "not entitled to the presumption of truth." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 778 (E.D. Mich. 2010) (dismissing tortious interference claim because, among other things, allegations of improper interference were "mere conclusions"). VIP has thus failed to state a viable tortious interference claim. *See Ahmed v. Waterman Steamship Corp.*, 382 F. Supp. 2d 923, 928 (E.D. Mich. 2005) (dismissing tortious interference claim because plaintiff failed to allege facts showing a breach or termination of a relationship or expectancy).

VIP's tortious interference claim suffers from an additional and equally fundamental flaw: it is a mere restatement of its breach of contract claim, and it is simply "no tort to breach a contract." *Palmer v. Nationwide Mut. Ins. Co.*, 945 F.2d 1371, 1375 (6th Cir. 1991) (quoting *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir. 1976)). More specifically, the conduct on which VIP bases its tortious interference claims is wrongful (if at all) only because it allegedly breached the parties' agreement; absent the agreement, VIP would have no basis to object to Volvo's alleged conduct. For instance, VIP complains that Volvo

wrongfully refused to supply VIP with certain vehicles, assigned VIP an unfairly large Area of Responsibility ("AOR"), and failed to fairly apply its internal policies to VIP. (*See* Compl., ECF #1 at ¶¶ 13, 17, 23, Pg. ID 4-5, 6-7, 9.)  But if the parties did not have a contract, Volvo would not have had an obligation to supply any vehicles to VIP, to assign any AOR to VIP, or to apply its policies to VIP in any manner.  Under settled Michigan law, a tort is a wrong "independent of a contract," *Churchill v. Howe*, 152 N.W. 989, 991 (Mich. 1915)[1], and VIP's tort claim fails because it is entirely dependent upon, not independent of, the parties' contract.  *See Dinsmore Instrument Co. v. Bombardier*, 199 F.3d 318, 321 (6th Cir. 1999) (affirming summary judgment against plaintiff on tortious interference claim on ground that the claim "[arose] out of the contractual arrangement between" the parties); *Johnson v. Bank of America Corp.*, 2013 WL 664906, at *3 (W.D. Mich. 2013) (dismissing tortious interference claim that was based upon defendant's alleged breach of its contractual obligations); *Tractor Farm and Supply, Inc. v.*

---

[1] Although *Churchill* was decided 100 years ago, the Michigan Supreme Court recently cited that decision for the rule that a tort must be independent of a contract.  *See Loeweke v. City of Ann Arbor*, 809 N.W.2d 553, 561 (Mich. 2011). In the tortious interference context, this rule requires a plaintiff to identify wrongful conduct by the defendant that is "something more than mere breach of contract." *Windsor Securities, Inc. v. Hartford Life Ins. Co.*, 986 F.2d 655, 663-64 (3d Cir. 1993) (applying Pennsylvania law and Comment d to *Restatement (Second) of Torts* § 767 – a *Restatement* provision and comments that Michigan courts have followed, *see, e.g.*, *Jim-Bob, Inc. v. Mehling*, 443 N.W.2d 451, 463 n.27 (Mich. Ct. App. 1989)).

*Ford New Holland, Inc.*, 898 F. Supp. 1198, 1207 (W.D. Ky. 1995) (dismissing claim that tractor manufacturer tortiously interfered with dealer's prospective economic advantage when manufacturer "illegal[ly]" declined to renew dealership agreement because, among other things, the claim "sound[ed] in contract, not tort.")[2]

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Volvo's Motion (ECF #5) is **GRANTED** and Count V of VIP's Complaint (ECF #1) is **DISMISSED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2015, by electronic means and/or ordinary mail.

s/Shawna C. Burns
Case Manager
(313) 234-5113

---

[2] Some misconduct may constitute both a breach of contract and a tort. For instance, if a party contracted not to disparage another party (perhaps in a settlement agreement) and then proceeded to engage in a level of disparagement that rose to the level of libel or slander, the offending conduct could be both a breach of contract and a tort. The conduct could be considered a tort because even absent the contract, it would be wrongful. Here, however, for the reasons stated above, Volvo's actions would not have been wrongful *but for* the fact that the parties had entered into the Dealer Agreement.

7